UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

LEONIDES MARTINEZ

Debtor,

CASE NO.: 16-21118-LMI
CHAPTER: 13

## SECURED CREDITOR, 166XX SW 117 AVE LLC
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**COMES NOW**, Secured Creditor, 166XX SW 117 AVE LLC, ("Movant"), by and through its undersigned counsel, and moves the Court, for relief from automatic stay pursuant to § 362 (d)(1), and (d)(2) of the Bankruptcy Code and would show the Court as follows:

1. The Court has jurisdiction of this pursuant to 11 U.S.C. § 362, and FRBP 4001(a), and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. On August 11, 2016, Leonides Martinez ("Debtor") filed a voluntary petition pursuant to Chapter 13 of the U.S. Bankruptcy Code.

3. Movant holds a security interest in four (4) commercial properties located at **(1)**16649 SW 117 Ave, # 2E, Miami, FL 33177 **(2)** 16665 SW 117 Ave #10E, Miami, FL 33177-2185 **(3)** 16617 SW 117 Ave #10D, Miami, FL 33177-2185, and **(4)**16667 SW 117 Ave #11G, Miami, FL 33177-2185 by virtue of an assignment of note, mortgage and other loan documents vesting record title to **166XX SW 117 AVE LLC**

a Florida limited liability company as to the four mortgages executed on February 5, 2016.

4. The aforementioned Mortgages were recorded as follows: **(1)** 16649 SW 117 Ave #2E, Miami, FL 33177-2185 recorded in the Official Records Book 26580 at page 1532 of the Public Records of Miami-Dade County, Florida. **(2)** 16665 SW 117 Ave #10E, Miami, FL 33177-2185 recorded in the Official Records Book 26580 at page 1484-1501 of the Public Records of Miami-Dade County, Florida. **(3)** 16617 SW 117 Ave #10D, Miami, FL 33177-2185 recorded in the Official Records Book 26580 at page 1439-1456 of the Public Records of Miami-Dade County, Florida. **(4)** 16667 SW 117 Ave #11G, Miami, FL 33177-2185 recorded in the Official Records Book 26580 at page 1573-1590 of the Public Records of Miami-Dade County, Florida which give Movant a first mortgage position on the real estate described as:

> Condominium Unit No. 2, Building "E" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book <u>24848, Page 255</u>, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.
>
> Condominium Unit No. 10, in Building "D" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book <u>24848, Page 255</u>, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.
>
> Condominium Unit No. 10, in Building "E" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book <u>24848, Page 255</u>, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.
>
> Condominium Unit No. 11, in Building "G" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book <u>24848, Page 255</u>, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

5. On May 12, 2016, the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade County, Florida entered a Final Judgment of Foreclosure (the "Final Judgment") in favor of Movant as to the properties described in the Final Judgment. A foreclosure

In Re: Leonides Martinez
Case No. 16-21118-LMI

sale was scheduled for August 12, 2016, which was cancelled due to the Debtor filing the instant case. Movant is entitled to enforce the Final Judgment. A copy of the final judgment of foreclosure is attached hereto as Exhibit "A".

6. Debtor executed the Promissory Notes which are the subject of the foreclosure action but Debtor does not own the properties described in the Final Judgment.

7. The 341 Meeting of Creditors has been scheduled for September 29, 2016.

8. The Debtor is in default and no payments have been made subsequent to the entry of the Final Judgment.

9. Debtor is not treating the arrears owed on the subject Note and Mortgage within its Chapter 13 Plan.

10. Thus the Debtor has failed to adequately protect the interest of Secured Creditor/Movant.

11. As set forth in the Final Judgment attached to this Motion, the Final Judgment was for the amount of $510,440.66 and fees and costs in the amount of $32,977.71. Since entry of the Final Judgment, additional costs and fees were incurred in the total amount of $1,986.00. The estimated value of each collateral is as follows:

   Unit 2E - $88,000.00. The source of the valuation is based on an appraisal obtained on February 26, 2016.

   Unit 10E - $85,000.00. The source of the valuation is based on an appraisal obtained on February 26, 2016.

   Unit 10D - $88,000.00. The source of the valuation is based on an appraisal obtained on February 26, 2016.

   Unit 11G - $88,000.00. The source of the valuation is based on an appraisal obtained on February 26, 2016.

12. As of the filing of this motion, debtor has not claimed the property as exempt nor has trustee abandoned property.

13. Section 362 (d) of the Bankruptcy Code authorizes relief from the automatic stay "for cause," including the lack of adequate protection of an interest in property; and where the debtor does not have equity in such property, and such property is not necessary to an effective reorganization.

14. It is clear that there is no equity in the properties referenced in the Final Judgment and the properties are not necessary for a successful reorganization.

15. If Movant is not permitted to enforce its security interest in the collateral it will suffer irreparable injury, loss and damage.

16. Movant is prohibited from proceeding with its foreclosure action filed in the Circuit Court of the 11th Judicial Circuit In and for Miami-Dade County, Florida under Case No.: 2015-CA-003021 against the Collateral in the absence of this Court's order allowing Movant to proceed, Movant's security may be jeopardized.

17. Movant has attempted to confer with Debtor's counsel in an attempt to obtain consent to the filing of this Motion; however said consent has not been received.

**WHEREFORE**, Movant, 166XX SW 117 AVE LLC, respectfully requests this Court enter an order modifying the automatic stay imposed by 11 U.S.C. § 362(d) to permit Movant to take all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral and for such further relief the Court deems just and proper.

### CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

### CERTIFICATE PURSUANT TO LOCAL RULE 9073-1(D)

Debtor has filed a Chapter 13 Plan which does not provide for payment to movant on its secured claims.

In Re: Leonides Martinez
Case No. 16-21118-LMI

I further certify that I have conferred with opposing counsel in an attempt to resolve these issues without a hearing.

> GARRIDO & RUNDQUIST, P.A.
> 2100 Ponce de Leon Blvd., Ste 940
> Coral Gables, Florida 33134
> Telephone (305) 447-0019
> Facsimile (305) 447-0018
>
> By: /s/ Caridad M. Garrido
>   Caridad M. Garrido, Esq.
>   Florida Bar No. 814733
>   Attorney for TotalBank

In Re: Leonides Martinez
Case No. 16-21118-LMI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Relief From Stay has been furnished by regular U.S. mail to all parties listed below this 7th day of September, 2016.

GARRIDO & RUNDQUIST, P.A.
2100 Ponce de Leon Blvd., Ste 940
Coral Gables, Florida 33134
Telephone (305) 447-0019
Facsimile (305) 447-0018

By: /s/ Caridad M. Garrido
Caridad M. Garrido, Esq.
Florida Bar No. 814733
Attorney for TotalBank

*Debtor*
**Leonides Martinez**
355 NW 109 Ave, #614
Miami, FL 33172
MIAMI-DADE-FL
SSN / ITIN: xxx-xx-4785

represented by **Robert Sanchez, Esq.**
355 W. 49 St.
Hialeah, FL 33012
**Tel: (305) 687-8008**
**Fax: (305) 512-9701**
**Email:**
**court@bankruptcyclinic.com**

*Trustee*
**Nancy K. Neidich**
www.ch13herkert.com
POB 279806
Miramar, FL 33027
954-443-4402

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
(305) 536-7285

# EXHIBIT A

CFN: 20160287333 BOOK 30077 PAGE 3044
DATE:05/16/2016 04:14:18 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

# FJUD

| | |
|---|---|
| 166XX SW 117 AVE LLC a Florida limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DIOVANY'S ENTERPRISES, LLC., A FLORIDA LIMITED LIABILITY COMPANY; LEONIDES MARTINEZ, INDIVIDUALLY, GRAND TURNING POINT BUSINESS CENTER I CONDOMINIUM ASSOCIATION, INC., A FLORIDA CORPORATION; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES OR OTHER CLAIMANTS; and UNKNOWN TENANTS #1-4,<br><br>Defendants. | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br><br>CASE NO.: 2015-CA-003021<br><br>FILED FOR RECORD 2016 MAY 16 PM 12:51<br><br> |

FORECLOSURE

## FINAL JUDGMENT OF FORECLOSURE

**THIS ACTION** was heard before the Court on Plaintiff's Motion for Summary Final Judgment on May 12, 2016. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED** against all Defendants listed by name: DIOVANY'S ENTERPRISES, LLC, A FLORIDA LIMITED LIABILITY COMPANY, LEONIDES MARTINEZ, and GRAND TURNING POINT BUSINESS CENTER I CONDOMINIUM ASSOCIATION, INC., A FLORIDA CORPORATION.

1

CFN: 20160287333 BOOK 30077 PAGE 3045

1. **Amounts Due and Owing.** Plaintiff is due:

Promissory Note I
| | | |
|---|---|---|
| Principal | | $81,866.51 |
| Interest at note rate from 08/23/14 to 10/22/14 | | $818.67 |
| Interest at default rate from 10/23/14 to 03/03/16 | | $19,778.72 |
| Interest to the date of this Judgment at a per diem of $39.80 | | $2,786.00 |
| 1/4 of detailed fees and costs below | | $8,244.43 |
| Less Escrow | | -$603.69 |
| | Total: | $112,890.64 |

Promissory Note II
| | | |
|---|---|---|
| Principal | | $82,129.26 |
| Interest at note rate from 08/23/14 to 10/22/14 | | $821.29 |
| Interest at default rate from 10/3/14 to 03/03/16 | | $19,842.20 |
| Interest to the date of this Judgment at a per diem of $39.92 | | $2,794.40 |
| 1/4 of detailed fees and costs below | | $8,244.43 |
| Less Escrow | | -$591.60 |
| | Total: | $113,239.98 |

Promissory Note III
| | | |
|---|---|---|
| Principal | | $106,066.13 |
| Interest at note rate from 08/23/14 to 10/22/14 | | $1,060.66 |
| Interest at default rate from 10/23/14 to 03/03/16 | | $25,625.28 |
| Interest to the date of this Judgment at a per diem of $51.56 | | $3,609.20 |
| 1/4 of detailed fees and costs below | | $8,244.43 |
| Less Escrow | | -$605.97 |
| | Total: | $143,999.73 |

Promissory Note IV
| | | |
|---|---|---|
| Principal | | $103,157.20 |
| Interest at note rate from 08/22/14 to 10/21/14 | | $1,031.57 |
| Interest at default rate from 10/22/14 to 03/03/16 | | $24,972.64 |
| Interest to the date of this Judgment at a per diem of $50.15 | | $3,510.50 |
| 1/4 of detailed fees and costs below | | $8,244.43 |
| Less Escrow | | -$606.03 |
| | Total: | $140,310.31 |
| | **Grand Total:** | **$510,440.66** |

CFN: 20160287333 BOOK 30077 PAGE 3046

Detailed Fees and Costs:

Attorneys' Fees:

  Finding as to reasonable number of hours and rate:

Attorney Hours: 29.4 Hours at $325.00 per hour:$9,555.00

Attorney Hours: 13.7 Hours at $275.00 per hour:$3,767.50.00

Paralegal Hours: 15.6 Hours at $162.50 per hour: $2,535.00

  Other*:_____

Attorneys' Fees Total                                              $27,857.50

(* The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)

Court Costs, Now Taxed:

| | |
|---|---|
| Filing fee | $1,972.45 |
| Service of Process | $720.00 |

Additional Costs:

| | |
|---|---|
| Foreclosure Commitment | $450.00 |
| Recording of Amended Lis Pendens | $13.00 |
| Amended Lis Pendens | $18.54 |
| Recording of Original Documents | $165.90 |
| Copies and Postage | $160.22 |
| Mileage and Parking | $32.10 |
| Lien Search Fee | $480.00 |
| Federal Express | $18.00 |
| Estoppel Letters Fee | $1,000.00 |
| Summons Fee | $90.00 |
| Detailed fees and costs total: | $32,977.71 |

2.  **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.75% a year.

3.  **Lien on Property.** Plaintiff, whose address is 100 SE 2nd St. Miami, FL 33131, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida:

3

CFN: 20160287333 BOOK 30077 PAGE 3047

PARCEL 1:
Condominium Unit No. 2, Building "E" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 24848, Page 255, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

Address: 16649 SW 117th Avenue, Unit 2E, Miami, FL 33177

PARCEL 2:
Condominium Unit No. 10, in Building "E" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 24848, Page 255, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

Address: 16649 SW 117th Avenue, Unit 10E, Miami, FL 33177.

PARCEL 3:
Condominium Unit No. 10, in Building "D" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 24848, Page 255, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

Address: 16649 SW 117th Avenue, Unit 10D, Miami, FL 33177.

PARCEL 4:
Condominium Unit No. 11, in Building "G" of Grand Turning Point Business Center I Condominium, a Condominium, according to The Declaration of Condominium recorded in O.R. Book 24848, Page 255, and all exhibits and amendments thereof, Public Records of Miami-Dade County, Florida.

Address: 16649 SW 117th Avenue, Unit 11G, Miami, FL 33177.

4. The properties listed in paragraph 3 above shall be sold separately by the Clerk of Court and the Plaintiff's credit bid shall be allocated as provided below.

**Sale of property – Parcel 1.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____, 201_6_ at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

Plaintiff shall have a credit bid as to **Parcel 1** in the amount of $1/2,890.64 plus interest and costs accruing subsequent to this judgment.

**Sale of property – Parcel 2.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on __2/12__, 201_6_, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

4

CFN: 20160287333 BOOK 30077 PAGE 3048

Plaintiff shall have a credit bid as to **Parcel 2** in the amount of $113,239.98 plus interest and costs accruing subsequent to this judgment.

**Sale of property – Parcel 3.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___8|12___, 2016, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

Plaintiff shall have a credit bid as to **Parcel 3** in the amount of $143,999.73 plus interest and costs accruing subsequent to this judgment.

**Sale of property – Parcel 4.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___8|12___, 2016, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

Plaintiff shall have a credit bid as to **Parcel 4** in the amount of $140,310.31 plus interest and costs accruing subsequent to this judgment.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court. Plaintiff shall have a credit bid as to **Parcel 1** in the amount of $112,890.64 plus interest and costs accruing subsequent to this judgment, a credit bid as to **Parcel 2** in the amount of $113,239.98 plus interest and costs accruing subsequent to this judgment, a credit bid as to **Parcel 3** in the amount of $143,999.73 plus interest and costs accruing subsequent to this judgment and a credit bid as to **Parcel 4** in the amount of $140,310.31 plus interest and costs accruing subsequent to this judgment.

7. **Right of Redemption/Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or

5

CFN: 20160287333 BOOK 30077 PAGE 3049

rights under Section 45.01315, Florida Statutes (2013) shall be terminates, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to tenant protections in compliance with the provisions of Section 83.561, Fla. Stat. (2015).

8. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, orders authorizing writs of possession and to enter a deficiency judgment *if the defendant has not been discharged in bankruptcy*.

9. **UCC-1**. As to the Third Count in plaintiff's Complaint to Foreclose a Security Interest, judgment is hereby entered in favor of the plaintiff and it is hereby declared that the personal property of Defendant(s) listed on Mortgage and Security Agreement & UCC, described in the Mortgage and Security Agreement and UCC-1 Financing Statement be encumbered by 166XX SW 117 AVE LLC a Florida limited liability company' lien, and that said personal property be sold to satisfy the debt owed to 166XX SW 117 AVE LLC a Florida limited liability company' pursuant to the terms of the Mortgage and Security Agreement and UCC-I Financing Statement. Said Mortgage and Security Agreement and UCC-1 Financing Statement were attached to the complaint as exhibit "B" and "D" and provided a security interest in all inventory, supplies, furniture, fixtures and equipment now owned or hereafter acquired by debtors, and all present and future accounts receivables and contract rights owed to debtors in which debtors have an interest.

10. **UCC-1**. As to the Seventh Count in plaintiff's Complaint to Foreclose a Security Interest, judgment is hereby entered in favor of the plaintiff and it is hereby declared that the personal property of Defendant(s) listed on Mortgage and Security Agreement & UCC, described in the Mortgage and Security Agreement and UCC-1 Financing Statement be encumbered by 166XX SW 117 AVE LLC a Florida limited liability company' lien, and that said personal property be sold to satisfy the debt owed to 166XX SW 117 AVE LLC a Florida limited liability company' pursuant to the terms of the Mortgage and Security Agreement and UCC-I Financing Statement. Said Mortgage and Security Agreement and UCC-1 Financing Statement were attached to the complaint as exhibit "F" and "H" and provided a security interest in all inventory, supplies, furniture, fixtures and equipment now owned or hereafter acquired by debtors, and all present and future accounts receivables and contract rights owed to debtors in which debtors have an interest.

11. **UCC-1**. As to the Eleventh Count in plaintiff's Complaint to Foreclose a Security Interest, judgment is hereby entered in favor of the plaintiff and it is hereby declared that the personal property of Defendant(s) listed on Mortgage and Security Agreement & UCC, described in the Mortgage and Security Agreement and UCC-1 Financing Statement be encumbered by 166XX SW 117 AVE LLC a Florida limited liability company' lien, and that said personal property be sold to satisfy the debt owed to 166XX SW 117 AVE LLC a Florida limited liability company' pursuant to the terms of the Mortgage and Security Agreement and UCC-I Financing Statement. Said Mortgage and Security Agreement and UCC-1 Financing Statement were attached to the complaint as exhibit "J" and "L" and provided a security interest in all inventory, supplies, furniture, fixtures and equipment now owned or hereafter acquired by

6

debtors, and all present and future accounts receivables and contract rights owed to debtors in which debtors have an interest.

12.　**UCC-1.** As to the Fifteenth Count in plaintiff's Complaint to Foreclose a Security Interest, judgment is hereby entered in favor of the plaintiff and it is hereby declared that the personal property of Defendant(s) listed on Mortgage and Security Agreement & UCC, described in the Mortgage and Security Agreement and UCC-1 Financing Statement be encumbered by 166XX SW 117 AVE LLC a Florida limited liability company' lien, and that said personal property be sold to satisfy the debt owed to 166XX SW 117 AVE LLC a Florida limited liability company' pursuant to the terms of the Mortgage and Security Agreement and UCC-I Financing Statement. Said Mortgage and Security Agreement and UCC-1 Financing Statement were attached to the complaint as exhibit "N" and "P" and provided a security interest in all inventory, supplies, furniture, fixtures and equipment now owned or hereafter acquired by debtors, and all present and future accounts receivables and contract rights owed to debtors in which debtors have an interest.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**DONE AND ORDERED** in Chambers in Miami Dade County, Florida, this _21st_ day of _May_, 2016

_____
Circuit Judge

**JORGE E. CUETO
CIRCUIT COURT JUDGE**

Plaintiff shall serve all parties named on the service list and "occupant" at property address

Caridad M. Garrido, Esq.
Garrido & Rundquist, P.A.
2100 Ponce de León Blvd. Suite 940
Coral Gables, FL 33134
grlaw@garridorundquist.com
***Attorney for Plaintiff***

7

CFN: 20160287333 BOOK 30077 PAGE 3051

Carlos A. Ziegenhirt, P.A.
150 Alhambra Circle, Suite 1200
Coral Gables, FL 33134
carlos@caz-law.com
**Attorney for Leonides Martinez, Individually and Diovany's Enterprises, LLC**

Grand Turning Point Business
Center I Condominium Association, Inc.
16575 SW 117th Avenue
Miami, Fl 33177

Current Resident
16649 SW 117th Avenue, Unit 2E
Miami, FL 33177

Current Resident
16649 SW 117th Avenue, Unit 10E
Miami, Fl 33177

Current Resident
16649 SW 117th Avenue, Unit 10D
Miami, Fl 33177

Current Resident
16649 SW 117th Avenue, Unit 11G
Miami, Fl 33177

Revised 8/5/12

8